## Stagg *vs.* Munro, survivor of Jay.

In an action of *covenant*, to recover money agreed to be paid on the completion of certain work by the plaintiff, an averment that the plaintiff *had, as nearly as it was possible*, in all things well and truly performed, and that such performance was *accepted* by the defendant as a full and perfect performance of the contract, met by a denial of the defendant as to the acceptance, presents the simple question whether or not there was an acceptance, and on failure to establish the fact by evidence, the plaintiff must be nonsuited.

A declaration averring that the plaintiff had *performed as nearly as it was possible*, without adding that what was done was accepted as a full performance, would be bad.

ERROR from the superior court of the city of New-York. On the 23d February, 1804, a contract was entered into between the parties, by which Stagg agreed to level a tract of land belonging to the defendants, adjoining Broadway in the city of New-York, according to certain ordinances and regu-

lations of the corporation of the city, by digging down certain parts thereof and filling up the residue ; the work to be done within 18 months.   The defendants on their part engaged to pay him $10,000 for the work, $4000 to be paid as the work progressed, and  balance, $6000, when the work· was completed.   A  map was annexed to the contract delineating the *level* according to which the work was to be done ; and it was stated in the contract that the parties believed such map to correspond with the regulations and ordinances of the corporation, but if it should be found to be incorrect, the ground to be filled and levelled according to the real and actual regulations prescribed by the corporation.  In March, 1829, Stagg commenced an action of *covenant* upon this contract, and in his declaration averred that *he had, as nearly as it was possible,* in all things, well and truly performed, &c. and that such performance *was accepted by the defendants as a full and perfect performance.* of the contract, and alleged that the defendants had made default in the payment of $3000, parcel of the $6000, in the contract stipulated to be paid, and so, &c.   The defendants craved oyer of the contract, and *pleaded,* 1. *Non est factum ;* 2. Payment; and 3. Denied that they accepted any thing which was done and performed by the plaintiff as a full and perfect performance of the covenants, &c. *protesting* that the plaintiff did not, as nearly as it was possible, in all things, well and truly perform, &c.   The plaintiff replied, reiterating the acceptance.

On the trial of the cause, the contract was read in evidence, and the defendant admitted that payments to the amount of $7500 had been made on the same.   The plaintiff then offered to prove that he had performed the contract as nearly as human skill could perform it, and that $3500, part of the last instalment, had been  paid  after  the work had so been done, which evidence the court refused to receive, and the plaintiff excepted.   The plaintiff then  attempted to prove an acceptance of the work by Mr. Jay, in full performance of the contract, but failed in establishing the fact. .  He next read in evidence a memorial presented to the corporation of New-York, signed by himself and the defendants, bearing date in December, 1806, setting forth  substantially  the contract  between

themselves ; admitting that the corporation had not then adopt-
ed any plan, nor made any ordinance permanently regulating
the raising and filling up of the grounds in question, and
praying that some permanent ordinance might be adopt-
ed declaring the height to which the grounds must be raised,
so that if they were to be raised higher than they then were,
Stagg might be enabled to complete his contract, and if they
were already raised to a sufficient height, that the defendants
might pay him $2500, which then remained to be paid to him.
The plaintiff then proved that in May, 1807, the city surveyor
regulated Elm street from Anthony street to Canal street ; that
the street was regulated with reference to an open canal in
Canal street, and perfectly conformed to the level of the work
done by the plaintiff under the contract in this cause ; and
that an ordinance was passed regulating Elm street, in confor-
mity to the survey of the city surveyor, and that a permanent
public edifice was erected in such street.   The presiding judge
ruled that there was no evidence to go to the jury, and order-
ed the plaintiff to be nonsuited ; the plaintiff excepted, and
applied to the court to have the nonsuit set aside, which mo-
tion was denied, and judgment rendered for the defendant.
The plaintiff sued out a writ of error.

*S. M. Fitch, & J. Anthon,* for plaintiff in error.

*P. A. Jay,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. It is not denied by the coun-
sel for the plaintiff that the judge or court at *nisi prius* ought
to nonsuit the plaintiff, when he does not produce sufficient ev-
idence to warrant a verdict in his favour ; but it is contended
that sufficient was shewn to justify a recovery in favor of the
plaintiff for the balance of the $10,000 remaining unpaid.
The plaintiff, in his declaration, had stated his cause of action
to be a balance due him upon a contract under seal, and of
course, set forth the contract.   As it appeared by the contract
that the money was not to be paid until the stipulated labor
was performed, he was bound either to aver performance. or

offer an excuse for non-performance. He therefore averred a qualified performance, and an acceptance thereof by the defendants. Had he simply averred that he performed his part of the contract *as nearly as it was possible*, and said nothing about an acceptance, I apprehend the declaration would have been bad. It would, in such case, be a sufficient answer for the defendants to say, that they were to pay upon the performance by the plaintiff of a certain act; if he cannot perform, we are not obliged to pay. At any rate, the plaintiff did aver an acceptance of what was done by him, as a performance. This the defendants deny: and this was the only matter in dispute between the parties. It is true there were three issues: 1. Upon *non est factum*; 2. Payment; and 3. Acceptance of performance. Under this state of the pleadings, the plaintiff at the trial was bound to prove, 1. the execution of the contract, and 2. performance on his part, before the defendant could be required to make any defence. The execution of the instrument was admitted, and the amount paid was also admitted, which admission, however, was premature, for the defendant was under no necessity to prove payments until the plaintiff had made out his case. That two issues, therefore, were found or conceded in favor of the plaintiff, is not strictly true, for the defendant denied all liability to make the last payment mentioned in the contract, until the plaintiff should have performed his part of the agreement. The plaintiff had only proved the contract, which alone did not sustain his action; he was bound further, to prove a breach of it by the defendant, and that could not happen until the plaintiff had performed on his part. The averment of partial performance was not enough to cast an acceptance upon the defendant. The question then is, was there sufficient evidence to prove an acceptance by the defendants? The only evidence that had any bearing on the question is what was said by Mr. Jay, which amounts to nothing, under the circumstances of this case; he merely said that the business ought to be amicably settled, but he had had no agency in the management of the business, and knew nothing about it. It is not pretended that Mr. Munroe accepted the work as a performance of the contract; and the memorial afterwards presented to the corporation shews

that there had never been an acceptance. There was not, therefore, sufficient evidence to support this issue; but the contrary was proved by the plaintiff's own evidence. The nonsuit was right, and the court properly refused to set it aside.

ALBANY,
Jan. 1832.

Judgment affirmed with single costs.